CARL G. FISHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7594.   Promulgated August 1, 1927.

1. Amounts withdrawn by petitioner from a corporation *held* to have been the repayment of loans and not dividends.

2. Evidence does not establish that claimed losses were sustained in 1920.

*William S. Hammers, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1920. The issues are: (1) Whether withdrawals from a corporation constituted dividends to the extent of the corporate earnings, or were the repayment of loans; (2) whether petitioner sustained a loss in 1920 in respect of an investment in corporate stock and certain loans.

### FINDINGS OF FACT.

The petitioner is an individual residing at Miami Beach, Fla.

In 1920 he owned, except for qualifying shares, all of the capital stock of the Continental Realty Co., which was capitalized at $10,000. Prior to and during the year 1920 the petitioner advanced to the company large sums of money for the purpose of enabling it to conduct operations for which its capital was insufficient. The advances so made were credited to the petitioner in the ledger of the company in an account headed " Carl G. Fisher, Investment." The account was so designated to distinguish it from the company's capital stock account. At the beginning of 1920 the credit to the petitioner in the investment account was $399,478.40. During the year he made further advances of various sums aggregating $23,255.99 and withdrew from time to time amounts totaling $260,727.85, leaving to his credit at the close of the year a balance of $162,006.54. The withdrawals made were debited against the petitioner in the investment account.

The net earnings of the Continental Realty Co. for the year 1920 amounted to $26,267.80. The respondent in determining the deficiency held that to the extent of the earned surplus of the company, which he determined to be $26,876.97, the withdrawals of the petitioner constituted dividends. The ledger of the company shows no dividends paid at any time.

In 1920 the petitioner owned 26 shares of stock in the Purdy Boat Co.. which had a total capital stock of 50 shares of the par value of $100 each. E. D. Purdy and J. D. Purdy held 23 shares of stock

purchased with money loaned them by the petitioner and for which the petitioner held their note in the amount of $2,300. The petitioner also held a note of the company in the amount of $21,000 for money loaned it.

The Purdy Boat Co. was organized at the instance of the petitioner for the purpose of building and repairing boats for him and for others. Its operations were not successful financially and in 1920 or 1921 its assets were turned over to the Alton Beach Realty Co. to apply on its indebtedness to that company. The indebtedness was incurred through loans made by the Alton Company to the Purdy Company for the purchase of machinery and supplies and for operating expenses. The assets turned over were subsequently sold by the Alton Company for an amount less than the amount of the indebtedness to it of the Purdy Company.

The amount of $25,900, representing petitioner's investment in the Purdy Boat Co., his loans to the company, and his loans to the Purdys individually, was included in the amount charged off in his profit and loss account in his ledger under date of December 31, 1920, and entered in his journal as an item of profit and loss under date of January 1, 1921. The respondent disallowed the amount claimed as a loss for 1920 on the ground that it was not possible to ascertain the amount of the loss until 1921.

### OPINION.

ARUNDELL: The dispute between the parties as to the money withdrawn by the petitioner from the Continental Realty Co. during 1920 is whether, to the extent of the earnings of the company, the withdrawals constitute dividends or the repayment of loans. If the former, they are taxable to the petitioner; if the latter, they are not. The advances made by the petitioner to the company were clearly loans. They were so regarded by him and were carried in the company's accounts as separate and distinct from its capital account. When the petitioner withdrew money in 1920 he considered the withdrawals as partial repayments of his loans. The company never paid any dividends and we fail to see how the money withdrawn by the petitioner could be regarded as anything other than the repayment of petitioner's loans. On this point we must find for the petitioner. *Appeal of Benjamin J. Schiff*, 3 B. T. A. 640.

The amount of $25,900 claimed as a loss for the year 1920 is made up of three items, viz., Purdy Boat Co. stock, $2,600; Purdy Boat Co. note, $21,000; E. D. and J. D. Purdy note, $2,300. The respondent admits that the petitioner sustained a loss on the Purdy transaction

but denies that it was a 1920 loss and holds that the loss was sustained in 1921. We agree with the respondent to the extent of holding that no deductible loss was sustained in 1920. We might rest our decision on any one of several grounds. First, the evidence is not clear as to when the Purdy Company transferred its assets to the Alton Company. The record leaves us in doubt as to whether it was in 1920 or 1921. In the second place a mere showing that the Purdy Company transferred its assets to another is not sufficient to support a claim for a loss on its stock and notes and certainly it is not evidence on which we can allow a claim for loss on the notes of the Purdys as individuals. Finally, we do not know by what right the Alton Company took over the assets and whether the petitioner was precluded thereby from his claim, as a creditor, against them.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by GREEN and STERNHAGEN.